UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

BLANK LABEL GROUP, INC.

Debtor

Chapter 11 (Small Business)

Case No. 20-11201

**DECLARATION OF DAVID KOHA IN SUPPORT OF APPLICATION AUTHORIZING RETENTION AND EMPLOYMENT OF CASNER & EDWARDS, LLP AS COUNSEL FOR THE DEBTOR**

I, David Koha, Esquire, declare and state as follows:

1.      I am an associate at Casner & Edwards, LLP (the "Firm"), which maintains offices for the practice of law at 303 Congress Street, Boston, Massachusetts 02210.  I am an attorney-at-law, duly admitted and in good standing in the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, and the First Circuit Court of Appeals.

2.      I submit this declaration in connection with the application (the "Application") of Blank Label Group, Inc. (the "Debtor"), to retain the Firm as counsel to the Debtor and to provide the disclosures required under Section 327(a) of the Bankruptcy Code, Fed. R. Bankr. P. 2014(a) and 2016(b), and MBLR 2014-1.  The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify competently thereto. To the best of my knowledge and information, the Firm has no connection with the Debtor, its respective creditors, any other party-in-interest herein, its current respective attorneys or professionals, the United States Trustee for this district or any person employed in the office of

1

the United States Trustee for this district, and does not hold or represent any entity having an

adverse interest in connection with the Debtor's case, except as disclosed herein.

3.      In preparing this Declaration, I submitted to be matched against the Firm's

computer conflict database containing a list of the Firm's current and former clients the names of:

(a) the Debtor; (b) the Debtor's principal; (c) the Debtor's principal secured creditors; and (d) the

Debtor's landlords and other principal unsecured creditors.  To the best of the Debtor's

knowledge, based upon the Declaration and except as set forth herein and therein, the Firm does

not hold or represent any interest adverse to the Debtor or its Chapter 11 estate, creditors, or any

other party with an actual or potential conflict in this Chapter 11 case.

4.      The Firm maintains and systematically updates the above-described computer

conflict database in the regular course of business of the Firm, and it is the regular practice of the

Firm to make and maintain these records.  The conflict check system and adverse party index

maintained by the Firm is designed to include every matter on which the Firm is now or has been

engaged, by which entity the Firm is now or has been engaged, and, in each instance, the identity

of related parties and adverse parties.  It is the policy of the Firm that no new matter may be

accepted or opened within the Firm without completing and submitting to those charged with

maintaining the conflict check system and adverse party index the information necessary to

check each such matter for conflicts, including the identity of the prospective client, the matter

and related and adverse parties.  Accordingly, the database is regularly updated for every new

matter undertaken by the Firm.

5.      To the best of my knowledge, neither I nor any member or employee of the Firm

have any connection with the Debtor, its creditors, other parties-in-interest, its respective

attorneys, accountants and other professional persons, the United States Trustee for this district

2

and any person employed in the office of such United States Trustee, except that: (a) the Firm may serve as a professional person in other matters, wholly unrelated to the Debtor or its case, in which attorneys, accountants and other professional persons retained by the Debtor, creditors or other parties in interest have also been engaged, and (b) certain creditors of the Debtor may also have been creditors of other companies represented by the Firm in matters wholly unrelated to the Debtor or this case.

6.      The Firm may in the past have represented, may currently represent, and may in the future represent other entities not currently known to the Firm who may be creditors or equity holders of the Debtor in matters wholly unrelated to the Chapter 11 case of the Debtor.  To the extent that the Firm discovers information concerning any such entities, the Firm will promptly disclose such information to this Court on notice to creditors and the United States Trustee for this district.

7.      Insofar as I have been able to ascertain, and except as set forth in paragraph 9 below, the Firm does not represent any interest adverse to the Debtor in the matters upon which the Firm is to be engaged.  The Firm is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, in that the Firm, its partners and associates:

    a.   were not creditors, equity security holders, or insiders of the Debtor;

    b.   are not and were not, within 2 years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor; and

    c.   do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

8.      The Firm is not a creditor of the Debtor, and it is not an equity security holder or an insider of the Debtor.  For so long as it represents the Debtor, the Firm will not represent any entity other than the Debtor in connection with this case.

9.      To the best of my knowledge, the standard articulated by courts of the First Circuit regarding the appointment of counsel by a debtor has been met in this case and the Firm represents no interests adverse to the Debtor's respective estates.

10.      The professional services that the Firm expects to render to the Debtor include, but shall not be limited to, the following:

    a.      to provide legal advice with respect to the Debtor's powers and duties as debtor-in-possession in the continued operation of its business and management of its property;

    b.      to prepare on behalf of the Debtor necessary applications, motions, answers, orders, reports and other legal papers;

    c.      to appear in, and to protect the interests of the Debtor before this Court;

    d.      to negotiate, prepare and seek confirmation of any plan of reorganization or liquidation that may be pursued by the Debtor;

    e.      to represent the Debtor in litigation matters before this Court; and

    f.      to perform all other legal services for the Debtor which may be necessary and proper in this Chapter 11 case.

11.      The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures that may be fixed by this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The current hourly rates of Firm's attorneys are: from $400 to $550 for partners, from $270 to $385 for associates, and $200 for paralegals. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, including the Firm's customary rate adjustments on January 1st of each year.

4

12.     The hourly rates set forth above are the Firm's standard hourly rates.  These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the policy of the Firm to charge its clients for certain other expenses incurred in connection with the client's case.  The expenses charged to clients may include, among other things, travel, computer research charges, transcripts, filing fees, and any other out-of-pocket expenses.  The Firm will charge the Debtor's estates for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.  The Debtor has further agreed that the Firm may in the future seek additional compensation in accordance with applicable legal standards, subject to approval by the Debtor and this Court.

13.     From the date of its retention on March 27, 2020 to the Petition Date, the Firm received $10,000 from the Debtor for services rendered or to be rendered in contemplation of or in connection with the Debtor's Chapter 11 case.  The Debtor was the source of the funds paid to the Firm.

14.     Other than as set forth herein, there is no proposed arrangement to compensate the Firm.  The Firm has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with partners and associates of the Firm, or (b) any compensation another person or party has received or may receive.

15.     I shall amend the Declaration immediately upon my learning that (A) any of the representations therein are incorrect or (B) there is any change of circumstance relating thereto.

16.     I have reviewed the provisions of MLBR 2016-1.

17.     By reason of the foregoing, I believe the Firm is eligible for employment and retention by the Debtor pursuant to Section 327(a) of the Bankruptcy Code and the applicable Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 26th day of May, 2020.


/s/ David Koha
David Koha

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

BLANK LABEL GROUP, INC.

Debtor

Chapter 11 (Small Business)

Case No. 20-11201

## DECLARATION RE: ELECTRONIC FILING

I, David Koha, hereby declare under penalty of perjury that all of the information contained in my *Declaration of David Koha In Support of Application Authorizing Retention and Employment of Casner & Edwards, LLP as Counsel for the Debtor* (the "Document"), filed electronically, is true and correct. I understand that this Declaration is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this Declaration may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: May 26, 2020

David Koha